UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHAWN D.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C19-1466-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINSTRATIVE PROCEEDINGS**

Plaintiff appeals the denial of his application for Disability Insurance Benefits. The Court finds that the ALJ harmfully erred by relying on evidence from another claimant to assess residual functional capacity ("RFC") and to discredit the opinions of a treating physician. The Court therefore **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings on an open record under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

At the March 27, 2018 administrative hearing, the ALJ asked plaintiff's counsel why the alleged onset date was being amended to August 10, 2015 when Exhibit 12F referred to an urgent care visit on September 17, 2015, in which the patient presented with mid-back pain after a workplace injury. Tr. 37–38. The ALJ granted counsel permission to review the record post-hearing and then submit a letter clarifying that issue. A day later, in a March 28, 2018 letter,

counsel stated that Exhibit 12F referred to another person altogether: the records had been submitted by mistake because the Washington State Department of Labor and Industries had erroneously included those records on the same microfiche as plaintiff's records. Tr. 249–50. The 27 pages in Exhibit 12F were removed from the administrative record because they referred to another claimant. Tr. 426–52.

In the August 14, 2018 decision, the ALJ nonetheless referred to Exhibit 12F three times while assessing RFC. First, the ALJ erroneously noted:

> He was released back to his job of injury without restrictions as of September 2015. Ex. 12F, p. 1. Additionally, the examining nurse estimated that the claimant had no sitting, standing, walking, or postural limitations related to his back injury. Ex. 12F, p. 1. These findings are consistent with the above limitation to light work with supporting postural and environmental limitations that account for recurring back pain.

Tr. 21. Second, the ALJ gave little weight to the postural and work restrictions posited by treating physician Karen Schaaf, M.D.[1], because they were "contradictory to the claimant's September 2015 release to work." Tr. 25 (citing Exh. 12F). Third, the ALJ cited Exhibit 12F as a reason for giving great weight to the non-examining, agency opinion of James Irwin, M.D., that plaintiff could perform light work with certain restrictions, and to the affirmance on reconsideration of Howard Platter, M.D. Tr. 25. Dr. Irwin, for his part, stated that he had given great weight to the September 17, 2015 urgent care records found at Exhibit 12F in determining that plaintiff could perform light work. Tr. 84, *see* Tr. 80–81.

---

[1] The ALJ and plaintiff erroneously refer to Dr. "Schaff." Tr. 25; Dkt. 21, at 6–7. It is Dr. Schaaf. *See* Tr. 847.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINSTRATIVE PROCEEDINGS - 2

# DISCUSSION

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. *Schneider v. Comm'r of the SSA*, 223 F.3d 968, 973 (9th Cir. 2000). The ALJ harmfully erred as a matter of fact and law by relying on evidence from another claimant to assess RFC and to discount the opinions of treating physician Dr. Schaaf.

1. **Erroneous Reliance on Exhibit 12F**

The Commissioner did not address the ALJ's reliance on another person's medical records at Exhibit 12F to assess plaintiff's RFC and to discount Dr. Schaaf's treating opinions. *Compare* Dkt. 20, at 7–10 (failing to address the ALJ's erroneous reliance on Exhibit 12F while arguing that the ALJ properly resolved the medical evidence), *with* Dkt. 16, at 12 (referring to the ALJ's erroneous reliance on Exhibit 12F and arguing that aside from the improper citation there was little discussion of plaintiff's ability to walk or to lift and carry weight), *and* Dkt. 21, at 6–7 (same). The Court finds that the ALJ's reliance on Exhibit 12F rendered the decision unsupported by substantial evidence and harmfully erroneous as a matter of law.

The Commissioner of Social Security's Hearings, Appeals, and Litigation Manual ("HALLEX") provides that if the Appeals Council either erroneously relied on documents not related to the claimant, or overlooked that the ALJ erroneously relied on that information, the Appeals Council should voluntary remand the case. HALLEX I-4-2-20.D. There is an exception, however, for when the erroneous information does not affect the defensibility of the case. *Id.* Although the HALLEX is strictly an internal Agency manual, with no binding legal effect on the Commissioner or this Court, it is nonetheless "entitled to respect" to the extent that it has the "power to persuade." *Christensen v. Harris County*, 529 U.S. 576, 587 (2000); *see Moore v.*

*Apfel*, 216 F.3d 864, 868–69 (9th Cir.2000) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)). The Court finds that HALLEX I-4-2-20.D is persuasive and that the ALJ's erroneous reliance on another claimant's medical records affected the defensibility of the case.

The ALJ relied on 27 pages of another person's medical records in determining that plaintiff was capable of performing light work and rejecting Dr. Schaaf's treating opinions to the contrary. *See* Tr. 21, 25. This error was harmful for several intertwined reasons. First, the ALJ's reliance on Exhibit 12F for the presumption that plaintiff had been released to his job of injury without restrictions as of September 17, 2015, contradicts plaintiff's entire theory of disability. Plaintiff alleged that he ceased working on August 10, 2015, and that he suffered significant mental changes related to his physical capabilities after undergoing a C5-C6 discectomy with interbody arthrodesis, anterior cervical plating, and a structural allograft on September 23, 2015. Plaintiff's timeline makes little sense if one accepts the ALJ's erroneous conclusion that plaintiff was released without restrictions to his job of injury approximately one month after he stopped working and one week before neck surgery. Second, the ALJ discounted the restrictions opined by treating physician Dr. Schaaf because they contradicted another person's September 2015 medical records and plaintiff's report of being in less pain after neck surgery. That is, the ALJ presumed that plaintiff already could work without restrictions on September 17, 2015, and then demonstrated less pain after neck surgery on September 23, 2015. Aside from erroneously citing Exhibit 12F, the ALJ supported this proposition by citing a September 28, 2015 medical appointment, in which plaintiff reported a pain level of 3/10 and feeling 40% better. Tr. 25 (citing Tr. 940). But in that note, the treating physician stated that plaintiff continued to be on extensive medications for neck surgery and thus it was "hard to say what effect the epidural had on him." Tr. 940. Without relying on Exhibit 12F, it is impossible to see how a physician noting

decreased pain while also noting that plaintiff is "still on fairly high medications," Tr. 940, would contradict Dr. Schaaf's opinions of work and postural restrictions, Tr. 847–48, 850–51.[2] Third, the ALJ gave great weight to the non-examining opinion of Dr. Irwin, and the non-examining, affirming opinion of Dr. Platter, even though Dr. Irwin himself gave great weight to the Exhibit 12F medical notes of another claimant. Tr. 25; *see* Tr. 84.

The Court finds that the ALJ harmfully erred as a matter of fact and law by relying on the Exhibit 12F evidence about another claimant to assess plaintiff's RFC and to discount the opinions of treating physician Dr. Schaaf.

2. **Other Issues**

Plaintiff contends that the Commissioner erred by failing to consider January 2019 evidence even though it was never submitted to the ALJ or to the Appeals Council and is dated months after the Commissioner's final decision. Although this contention makes little sense, the Court finds the issue to be mooted by this remand order. The ALJ may consider the January 2019 evidence in the first instance on remand.

The Court declines to address plaintiff's other claimed errors so the ALJ may reevaluate the evidence without relying upon Exhibit 12F and proceed with the sequential evaluation in light of the January 2019 report and other supplemental evidence and testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

---

[2] The ALJ stated that Dr. Schaaf completed activity prescription forms in June, September, and November of 2015. Tr. 25. Dr. Schaaf actually completed the prescription forms in April, May, September, and November of 2015. *See* Tr. 847–48, 850–51.

On remand, the ALJ should reevaluate the evidence and testimony without reliance on the redacted Exhibit 12F. The ALJ should proceed with the sequential analysis from step three onward, permit supplementation of the record, hold a new hearing, and issue a new decision.

DATED this 6th day of April, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge